IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELA SEASE,<br><br>   Plaintiff.<br><br> v.<br><br>THE BUREAUS, INC.,<br><br>   Defendants. | Case No. 1:24-cv-11585<br><br>Hon. Charles P. Kocoras |

**JOINT INITIAL STATUS REPORT**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.**   **Nature of the Case**

  A.   Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.

    For Plaintiff:

    Taxiarchis Hatzidimitriadis (Lead Attorney)
    CONSUMER LAW PARTNERS, LLC
    180 N. Stetson Ave., Suite 2800
    Chicago, IL 60601
    Tel: 773-832-7420
    Email: teddy@consumerlawpartners.com

    For Defendant:

    Brian D. Nevel (Lead Attorney)
    HINSHAW & CULBERTSON LLP
    151 N. Franklin St., Suite 2500
    Chicago, IL 60606

        Tel: 312-704-3157
        Email: bnevel@hinshawlaw.com

B.    State the basis for federal jurisdiction.

Plaintiff's claims are based on a federal question. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

C.    Provide a short overview of the case in plain English (five sentences or less).

Plaintiff contends that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et al.* when it used false, deceptive, and unfair means to collect upon a consumer debt that Plaintiff disputed owing. Specifically, Plaintiff alleges that she disputed the debt with Defendant, but yet, Defendant failed to communicate Plaintiff's dispute to the credit reporting agencies, and ultimately, disseminated inaccurate and false information to third parties, including potential creditors.

D.    Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

Plaintiff asserts claims under 15 U.S.C. §§ 1692e, e(8), e(10), and f against Defendant for knowingly communicating false and incomplete credit information to third parties.

E.    What are the principal factual issues?

The principal factual issues in this case are: (1) whether Plaintiff owed the subject debt; (2) whether Plaintiff disputed the subject debt; (3) whether Defendant communicated Plaintiff's dispute(s) to Experian.

F.    What are the principal legal issues?

The principal legal issues in this case are: (1) whether Defendant is a "debt collector" as defined by the FDCPA; (2) whether the subject debt is a "debt" as defined by the FDCPA; (3) whether Defendant communicated false information to Experian regarding the subject debt, including the fact that the subject debt was disputed; and (4) whether Plaintiff has incurred damages as a result of Defendant's conduct.

G.    What relief is the plaintiff(s) seeking? Quantify the damages, if any.

Plaintiff is seeking (1) an award of statutory damages of up to $1,000.00 as provided under the FDCPA, 15 U.S.C. §1692k(a)(2)(A), against Defendant; (2) an

   award of her actual damages under 15 U.S.C. §1692k(a)(1); (3) an award of her costs and reasonable attorney fees under 15 U.S.C. §1692k(a)(3).

 H. Have all of the defendants been served, or waived service of process?

   Yes, all parties have been served.

## II. Discovery

 A. Propose a discovery schedule. Include the following deadlines: (1) the mandatory initial discovery responses; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions. ***Fill in the blanks, below.***

| Event | Deadline |
| --- | --- |
| Amendment to the pleadings | March 14, 2025 |
| Service of process on any "John Does" | N/A – all parties have been served |
| Completion of Fact Discovery | July 31, 2025 |
| Disclosure of Plaintiff's Expert Report(s) | May 30, 2025 |
| Deposition of Plaintiff's Expert | July 31, 2025 |
| Disclosure of Defendant's Expert Report(s) | June 6, 2025 |
| Deposition of Defendant's Expert | July 31, 2025 |
| Dispositive Motions | August 29, 2025 |

 B. How many depositions do the parties expect to take?

   Plaintiff and Defendant expect to take one deposition each.

 C. Do the parties foresee any special issues during discovery?

   No, the parties do not foresee any special issues during discovery.

 D. Rule 26(f)(2) requires the parties to propose a discovery plan. *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the

parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?

(i) What, if any, changes in the disclosures under Rule 26(a) should be made;

No changes.

(ii) The subjects on which discovery may be needed, and whether discovery should be conducted in phases or otherwise be limited;

The parties anticipate that discovery may be needed on the following subject(s): communications between Plaintiff and Defendant; communications between Defendant and Experian; Defendant's policies and procedures, and Plaintiff's damages. Plaintiff anticipates deposing Defendant's corporate representative and any other persons or entities identified during discovery. The parties do not believe that discovery should be conducted in phases or otherwise be limited.

(iii) Any issues about disclosure, discovery, or preservation of electronically stored information (ESI), including the form or forms in which it should be produced;

The parties do not anticipate a large volume of ESI to be sought. To the extent that any ESI is sought, the parties agree that .pdf will be the format unless native format is specifically requested by the opposing party, in which case the parties will attempt to reach an agreement regarding the production format without the need for assistance from the Court.

(iv) Any issues about claims of privilege or of protection as trial-preparation materials;

None at this time.

(v) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;

None at this time.

(vi) whether the Court should enter other orders;

No.

**III.** <u>**Trial**</u>

4

      A.      Have any of the parties demanded a jury trial?

              Yes, Plaintiff has demanded a jury trial.

      B.      Estimate the length of trial.

              The parties estimate that trial will last 2 days.

## IV.    Settlement, Referrals, and Consent

      A.      Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing?

              The parties have been actively discussing a possible resolution of this matter and are hopeful that one can be reached in short order.

      B.      Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

              At this time, the parties do not request a settlement conference.

      C.      Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

              Yes, counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge, however, the parties do not unanimously consent to that procedure.

## V.    Other

      A.      Is there anything else that the plaintiff(s) wants the Court to know?

              No.

      B.      Is there anything else that the defendant(s) wants the Court to know?

              No.

Dated: January 16, 2025

s/ *Taxiarchis Hatzidimitriadis*

Taxiarchis Hatzidimitriadis
CONSUMER LAW PARTNERS, LLC
180 N. Stetson Ave., Suite 2800
Chicago, IL 60601
Tel: 267-422-1000
Email: teddy@consumerlawpartners.com
*Counsel for Plaintiff*


s/ *Brian D. Nevel*
Brian D. Nevel
HINSHAW & CULBERTSON LLP
151 N. Franklin St., Suite 2500
Chicago, IL 60606
Tel: 312-704-3157
Email: bnevel@hinshawlaw.com
*Counsel for Defendant*